UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA ALEXANDER** | **DOCKET NO.: 2:22-CV-1916** |
| **VERSUS** | **JUDGE:** |
| **LEONARD GREENLEE, BAH EXPRESS INC. AND SENTRY SELECT INSURANCE COMPANY** | **MAGISTRATE:** |

### DEFENDANTS' NOTICE OF AND CONSENT FOR REMOVAL OF ACTION

**TO:** THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

Defendants, **LEONARD GREENLEE, BAH EXPRESS, INC. AND SENTRY SELECT INSURANCE COMPANY**, appearing herein through undersigned counsel, with full reservation of all defenses, objections, and rights, respectfully represent the following:

1.

On May 23, 2022, a Petition for Damages was filed by Joshua Alexander in the Civil District Court for the Parish of Orleans, bearing Docket No.2022-04533, Sec. 13 for injuries sustained in a motor vehicle accident that occurred on July 26, 2021. A copy of the Petition for Damages filed in the Civil District Court for Orleans Parish has been attached to the Notice of Filing and Certificate of Removing Defendants as "Exhibit A".

### FEDERAL JURISDICTION

**Removal Pursuant to 28 U.S.C. §1332**

2.

This civil action is a matter over which this Court has original jurisdiction by virtue of Diversity of Citizenship (28 USC §1332) and is one which may be removed to this Court

under the provisions of 28 USC §1441 et seq., in that it is a civil action wherein diversity of citizenship exists between the plaintiffs and all defendants, with the requisite amount in controversy being present for the claims of Mr. Alexander.

**Complete Diversity Exists as to All Parties**

3.

According to the Petition, Plaintiff Joshua Alexander is domiciled in New Orleans, and is a citizen of the State of Louisiana.

4.

Defendant BAH Express, Inc. is a corporation organized under the laws of the State of Georgia and which maintains its principal place of business in the State of Georgia. The state court record does not contain an Affidavit of Service pertaining to BAH Express Inc but does contain a Citation issued on May 24, 2022. Undersigned counsel will represent BAH Express, Inc. in these proceedings.

5.

Defendant Leonard Greenlee is a citizen of the State of Tennessee. Mr. Greenlee has resided in Tennessee for many years and intends to remain as a citizen of Tennessee. The state court record also contains a June 8, 2022, Affidavit of Service filed in the suit record indicating service was mailed on May 24, 2022, to Mr. Greenlee, and was received by him on June 2, 2022.

6.

Sentry Select Insurance Company is a corporate entity of the State of Wisconsin, where it is both incorporated and maintains its principal place of business. The state court record contains a May 24, 2022 citation to Sentry through the Secretary of State but the

suit record does not contain a service return regarding service upon Sentry.  Undersigned counsel will represent Sentry Select Insurance Company.

**The Requisite Amount in Controversy Is Established**

7.

Upon information and belief, and without making any stipulation as to the amount of any provable damages, these defendants aver that the "amount in controversy" in this dispute is in excess of $75,000.00, exclusive of interest and costs, as follows.

8.

Unlike other Petitions that use mere boilerplate language, Mr. Alexander set forth specific injuries to specific body parts in his Petition, Mr. Alexander's' lawsuit contains specific allegations of injury, including but not a "paracentral disc protrusion" in the lumbar spine and "radiculopathy" in the cervical spine.  More specifically, Mr. Alexander's suit alleges the following injuries:

- L5-S1 left paracentral disc protrusion;
- Sprain of left knee with fluid in the infrapatellar bursa;
- Contusions of the left knee and ankle;
- Sprain of left foot;
- Muscle spasm;
- Radiculopathy - cervicothoracic region;
- Cervical strain;
- Sprain of right shoulder and arm;
- Occipital headaches;
- Nervousness, nausea and upset.

9.

Furthermore, Plaintiff Joshua Alexander did not include a general allegation in his Petition that there is a "lack of jurisdiction of federal courts due to insufficiency of damages." as per La. Code Civ. P. art. 893(A)(1).

10.

The specific injuries alleged in the Alexander Petition make it facially apparent that there is an actual "amount in controversy" in excess of $75,000.00.

11.

Standing alone, general damages for the L5-S1 left paracentral disc protrusion injury would exceed the jurisdictional threshold.

Courts have found the amount in controversy met for purposes of federal subject matter jurisdiction under similar circumstances, even without a surgical recommendation. "Defendants correctly point out that it is well established in Louisiana law that damage awards for a herniated disc without surgical intervention may exceed $75,000.00". Thibodeaux v. GEICO Advantage Ins. Co., CV 16-158-JWD-EWD, 2016 WL 4055660, at *5 (M.D. La. July 8, 2016), report and recommendation adopted, CV 16-158-JWD-EWD, 2016 WL 4033981 (M.D. La. July 26, 2016).

The Louisiana Fifth Circuit Court of Appeal has held that " the lowest reasonable general damage award for a non-surgical herniated disc within a jury's discretion was $50,000". (Current value being $62,736.00) Sanchez v. Steve Dubuc, Allstate Ins. Co., 110 So.3d 1140 (La. App. 2013). These lowest reasonable general damages award was recently noted and confirmed in Dimarco v. Jackson Industrial Service, Inc.., 21-CA-530 (La. App. 5 Cir. 06/15/22).

On March 30, 2022, the Louisiana Court of Appeal for the Third Circuit in Walker v. Old Republic (CA 21-366, 3/30/22) affirmed a general damages award of $96,000.00 for aggravation of pre-existing lumbar and cervical spine issues that required medical treatment for just over a year.

In Pruitt v. Parsons, 2001 WL 1545703, at *1 (E.D. La. Dec. 3, 2001), the court found the amount in controversy met where the plaintiff alleged contusions and abrasions, and injury to his neck and lower back, and noted that "Defendants refer the Court to a litany of Louisiana cases involving awards for similar injuries in excess of $75,000.00, including cases in which plaintiffs for whom no surgery was recommended were awarded $100,000.00 and $400,000.00." *See also* Williams v. Perez, 2007 WL 9711090, at *4 (M.D. La. Oct. 23, 2007), report and recommendation adopted, 2007 WL 9711088 (M.D. La. Nov. 8, 2007) (citing cases).

Courts have awarded general damages to plaintiffs who had cervical and lumbar injuries, without surgeries, several times the amount of incurred medical expenses. *See* Collier v. Benedetto, 897 So.2d 775, 780 (La. App. 5th Cir. 2005) (adjusting award of general damages from $50,000.00 to $75,000.00 where plaintiff in automobile accident, who declined surgery, "sustained injuries to his back, neck, knee, thigh and shoulder, a small right disc protrusion at C5–C6, and cervical and lumbar muscle strains" and was awarded just $5,718.75 in medical expenses); Perez v. State ex rel. Crescent City Connection, Div. of Dept of Transp. & Dev., 753 So.2d 913, 914–15 (La. App. 4th Cir. 2000) (affirming award of $150,000.00 in general damages where plaintiff was not recommended for, and did not have, surgery for bulging cervical, thoracic, and lumbar strains and bulging discs, as well as post-traumatic headaches, and incurred past medical expenses of just over $27,000.00); Wehbe v. Waguespack, 720 So.2d 1267, 1270–72 (La. App. 5th Cir.1998) (affirming award of "$185,000.00 for general damages for a herniated C3–4 disc without surgery and aggravation of pre-existing degenerative lumbar

spine disease without any disc herniation" where plaintiff incurred past medical expenses of $6,590.00).

13.

Mr. Alexander's alleged injury of cervical strain and radiculopathy as well as his alleged strain of his right shoulder and arm and other injuries further increase the value of his claim over and beyond the value for a lumbar disc protrusion.

14.

Therefore, upon information and belief, and without making any stipulation as to the nature, extent or causation of any provable damages, these defendants aver that the "amount in controversy" in this dispute is in excess of $75,000.00 for Mr. Alexander.

**Venue**

15.

Plaintiff filed this lawsuit in the CDC for the Parish of Orleans.  Thus, venue in this District is proper under 28 U.S.C. §1441(a), as it is the "District Court of the United States for the district and division embracing the place" where the original lawsuit is pending.

**Removal of This Matter is Timely**

16.

This Removal is being filed within 30 days of the May 24, 2022 date on which long arm citations were generated by the Clerk of Court and subsequently mailed out, which is the earliest date on which service of this lawsuit could have occurred upon any defendant.  The filing of this Removal is therefore timely.

WHEREFORE, defendants do hereby remove the above captioned case to the United States District Court for the Eastern District of Louisiana.

        Respectfully submitted:

        **RABALAIS, HEBERT & COUVILLION, LLC**

        *s/ Melvin A. Eiden*
        _____
        **STEVEN B. RABALAIS (#17100) T.A.**
        **MELVIN A. EIDEN (#19557)**
        **BLAKE T. COUVILLION (#37443)**
        701 Robley Drive, Suite 210
        Lafayette, LA  70503
        Telephone:  (337) 981-0309
        Fax:  (337) 981-0905
        Email:  srabalais@rhhnet.com
        Email:  meiden@rhhnet.com
        Email:  blake@rhhnet.com
        **ATTORNEYS FOR DEFENDANTS,**
        **LEONARD GREENLEE, BAH EXPRESS, INC. AND**
        **SENTRY SELECT INSURANCE COMPANY**

<u>**CERTIFICATE OF SERVICE**</u>

    I HEREBY CERTIFY that a copy of the above and foregoing has this day been forwarded as follows:

|     |                                                            |
| --- | ---------------------------------------------------------- |
| --- | U.S. Mail (First Class)                                    |
| --- | Hand Delivery                                              |
| --- | Facsimile                                                  |
| --- | Overnight Delivery                                         |
| --- | E-Mail – All Known Counsel                                 |
| X   | E-Mail – All Known Counsel of record through the CM/ECT System |

Lafayette, Louisiana on this 23rd day of June, 2022.

        *s/ Melvin A. Eiden*
        _____
        **STEVEN B. RABALAIS**
        **MELVIN A. EIDEN**
        **BLAKE T. COUVILLION**